**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISAIAH EMMANUEL COLLIER,** | : | **Civil No. 3:13-CV-324** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **( Judge Mariani)** |
| | : | |
| **SUPERINTENDENT JOHN FISHER,** | : | |
| **et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

### I.    Statement of Facts and of The Case

This case is a *pro se* civil rights case that was brought by Isaiah Collier, a state prisoner, through the filing of a civil complaint on February 8, 2013.  (Doc. 1.) Collier's complaint names three defendants:  John Fisher, the superintendent at the State Correctional Institution (SCI) Huntingdon, Deputy Superintendent Whitesel, and one correction officer, Correctional Officer Henneman.  (Id.) While he identifies these three defendants in the caption of this case, Collier's pleading never makes any further specific reference to the supervisory defendants, Fisher and Whitesel, in the body of this pleading.  (Id.) Thus, Collier's complaint contains no specific, and well-pleaded factual allegations relating to these prison supervisors.  Instead, Collier's factual recital in this complaint pertains solely to defendant Henneman.

With respect to defendant Henneman, Collier complains that the defendant verbally threatened and harassed him, used excessive force against the plaintiff, and then filed a false misconduct report against the plaintiff in retaliation after Collier complained about this abuse. According to Collier, Officer Henneman's misconduct has been confirmed by the Department of Corrections in a separate internal inquiry conducted into his allegations of mistreatment. On the basis of these assertions, Collier seeks wide-ranging relief from all three defendants, including injunctive relief, and $600,000 in compensatory and punitive damages. (Id.)

Along with this complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) We have granted this motion for leave to proceed *in forma pauperis* (Doc. 2.) but recommended that the court dismiss the complaint as to the supervisory defendants, defendants Fisher and Whitesel, for failure to presently state a claim upon which relief can be granted, without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order. (Doc. 5.)

Collier has now filed a motion to amend his complaint, which addresses none of the defects cited in our outstanding report and recommendation, but rather merely alters the amount of the amount of the unliquidated damages claimed by Collier

changing that amount from $600,000 to $100,000. (Doc. 9.) Because this amendment violates the Local Rules of this court, this motion is DENIED.

## II. Discussion

### A. The Plaintiff's Demand for a Specific Sum of Unliquidated Damages Should Be Stricken

We find that this motion to amend should be denied, and conclude that we should also strike the various claims for specific sums of unliquidated damages from this proposed *pro se* amended complaint. In this regard, Rule 12 (f) of the Federal Rules of Civil Procedure imposes a duty on the court to review pleadings and provides that the court may upon its own initiative at any time order stricken from any pleading any immaterial matter. Fed. R. Civ. P. 12(f). Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. Singh v. Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me. 1984). In this case, the plaintiff's various claims for specified amounts of unliquidated damages violate Local Rule 8.1 which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Local Rule 8.1 (emphasis added).

Since this prayer for relief violates Local Rule 8.1 by specifying particular amounts of unliquidated damages, these specific dollar claims will be stricken from the complaint without prejudice to the plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

### III.    Conclusion

Accordingly, for the foregoing reasons, IT IS ORDERED that the plaintiff's motion for amend which would simply later to amount of unliquidated damages claimed by the plaintiff in violation of the Local Rules of this court (Doc. 9.), is DENIED and the particular amounts of unliquidated damages set forth in the proposed amended complaint will be stricken from the amended complaint without prejudice to the plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

So ordered this 12th day of March 2013.


*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge